UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLA LABUNSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-00708-NKL |
| SAINT LUKE'S HEALTH SYSTEM, | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Defendant Saint Luke's Health System's motion to dismiss for failure to state a claim, Doc. 28. Saint Luke's moves for Plaintiff Carla Labunski's intentional and negligent infliction of emotional distress and wrongful termination for whistleblowing claims to be dismissed. Saint Luke's' motion to dismiss is denied.

Labunski was an admitting employee at Saint Luke's in Overland Park, Kansas, until Saint Luke's terminated her employment in November 2013. Labunski argues that her termination violated the Americans with Disabilities Act and Family and Medical Leave Act, constituted a wrongful termination for whistleblowing, and gave rise to claims for negligent and intentional infliction of emotional distress.

Saint Luke's argues that Labunski's claims for intentional and negligent infliction of emotional distress and wrongful termination for whistleblowing should be dismissed because Labunski plead these claims in accordance with Missouri law. Saint Luke's argues that the claims should have been plead according to the law of Kansas.

1

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint if the plaintiff fails to plead sufficient facts to state a claim upon which relief may be granted. In determining whether a complaint is sufficient, the document must be read as a whole. *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678.

Saint Luke's contends that in order to determine whether Labunski sufficiently plead her causes of action, the Court must first decide whether Missouri or Kansas law applies to the three claims at issue. Upon review of the elements of the relevant claims in both states, the Court concludes that it is unnecessary to decide which state's law applies to these claims in order to dispose of the motion to dismiss. The elements of all three claims are largely the same between Missouri and Kansas, and Labunski plead sufficient facts to maintain her causes of action under both states' requirements. Given that the facts alleged in the complaint are sufficient to state claims under both states' laws, at this

2

stage in the litigation it is not required that Labunski be able to accurately identify which state's law governs her common law actions.

To state a claim for intentional infliction of emotional distress, both states require that a plaintiff plead (1) intentional or reckless disregard of the plaintiff, (2) extreme and outrageous conduct, (3) causation, and (4) severe emotional distress. *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) ("To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm."); *McIlrath v. City of Kingman, Kansas*, 324 P.3d 343, at *4 (Kan. Ct. App. 2014) ("To establish a claim of intentional infliction of emotional distress (or outrage), 'a plaintiff must prove four elements: (1) The conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff['s] mental distress was extreme and severe.").

Claims for negligent infliction of emotional distress require that a plaintiff plead that the defendant knew or should have known that its actions involved an unreasonable risk of causing emotional distress to the plaintiff, and that the defendant's actions caused physical injury to the plaintiff. *Henson v. Greyhound Lines, Inc.*, 257 S.W.3d 627, 629 (Mo. Ct. App. 2008) ("The elements of a claim for negligent infliction of emotional distress are: (1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff.' Additionally, to recover damages, the plaintiff must prove two additional elements: (1) that the defendant

should have realized his conduct involved an unreasonable risk of causing the distress, and (2) that the emotional distress or mental injury is medically diagnosable and of sufficient severity to be medically significant.") (citations omitted); *Lovitt ex rel. Bahr v. Board of County Com'rs of Shawnee County*, 221 P.3d 107, 114 (Kan. Ct. App. 2009) ("The current state of Kansas law is that a plaintiff claiming damages for the negligent infliction of emotional distress must demonstrate a physical injury or physical impact which causes an actual injury.").

Wrongful discharge claims exist in both Missouri and Kansas when an employer fires an employee for a reason that conflicts with public policy. Both states require that the plaintiff identify a public policy mandate or right that was violated when the employer terminated the plaintiff. *See Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 595 (Mo. 2013) ("An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities . . .") (quoting *Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 92 (Mo. 2010)); *Kerns v. City of Dodge City, Kan.*, 313 P.3d 105, at *3 (Kan. Ct. App. 2013) ("The four elements of a prima facie case of a state retaliatory discharge claim generally include: (1) the plaintiff exercised a statutory or constitutional right recognized as a basis for a retaliatory discharge claim; (2) the employer had knowledge of plaintiff['s] exercise of that right; (3) the employer terminated the plaintiff['s] employment; and (4) a causal connection existed between the protected activity and the

4

termination."); *see also Goodman v. Wesley Medical Center, L.L.C.*, 78 P.3d 817 (Kan. 2003) (recognizing a Kansas retaliatory discharge claim for whistleblowing).

Saint Luke's asserts that Labunski improperly plead her claims under Kansas law, citing her purported failure to plead an immediate physical injury for her negligent infliction of emotional distress claim and failure to plead a "statutory or constitutional right" required by a Kansas retaliatory discharge claim. Contrary to these assertions, Labunski plead that "[w]ithin days of her termination, PLAINTIFF . . . experienced sudden worsening of her [chronic insomnia] symptoms," along with extreme anxiety, inability to concentrate, impaired short-term memory, and inability to function. She also plead substantial facts giving rise to a wrongful termination for whistleblowing claim in accordance with Kansas law. *See id.* Construing the allegations in the complaint broadly and liberally, the complaint is sufficient to maintain causes of action under both Kansas and Missouri law, and Labunski's claims will not be dismissed regardless of which state's law applies to her claims. *See Goldblatt v. Herron*, 2010 WL 3522811, at *1 (W.D. Mo. Sept. 2, 2010) ("When the author of the complaint is a pro se litigant the court construes the complaint broadly and liberally.").

For the reasons set forth above, Defendant's motion to dismiss is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 9, 2015  
Jefferson City, Missouri